## Case No. 17,514.

### WHIPPLE v. BALDWIN MANUF'G CO.

[4 Fish. Pat. Cas. 29.] [1]

Circuit Court, D. Massachusetts. May, 1858.

PATENTS—CONSTRUCTION OF CLAIMS—ANTICIPATION —EXPERT EVIDENCE—INFRINGEMENT— PATENTED IMPROVEMENTS.

1. The concluding part of the specification, where the applicant sums up and states what he claims as new, is that, and that only, which is to be looked at in the first instance.

2. If there is a question upon the construction of the claim, the court will look at the other parts of the instrument in order to understand the claim and to give a construction to it.

[Cited in Dennis v. Cross, Case No. 3,792.]

3. It is of no consequence whether a prior invention is patented or not. If it was described before, then a subsequent patentee was not the first inventor, and can not maintain his patent.

4. The opinion of an expert is evidence; but it is not conclusive. It is simply given as the judgment and opinion of one who may have knowledge upon the subject, or has had the opportunity, at least, to acquire knowledge upon the subject. It is presented to the jury to be weighed and considered.

5. If the reasons given by an expert seem to the jury to be satisfactory, they may adopt them. If, on the other hand, they are not satisfactory, the jury will follow their own judgment, and are not obliged to follow the judgment of witnesses.

6. The inventor of an improvement can not use the original invention in connection with the improvement, although it may make it work better and more advantageously.

[Cited in Norton v. Jensen, 1 C. C. A. 452, 49 Fed. 863.]

7. The inventor of an improvement has a right to his own improvement. The original inventor can not use the improvement because it is engrafted upon his invention.

8. The jury may consider whether the defendant's machine is like a machine made prior to that of the patentee. If so, it will follow either that the defendant does not infringe, or that the patentee is not the first inventor.

This was an action on the case [by Milton D. Whipple against the Baldwin Manufacturing Company], tried before Judge Sprague and a jury, to recover damages for the infringement of letters patent [No. 1,839] for "improvement in machine for cleaning wool

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

from burrs and other foreign substances and also for ginning cotton," granted to plaintiff, October 28, 1840, reissued July 31, 1849 [No. 140], and extended for seven years, from October 28, 1854. The invention consisted in certain improvements in burring cylinders. The only claim of the patent, in controversy, was the second, which reads as follows: "Forming and arranging the teeth of cylinders for burring wool in such a manner that their outer convex sides shall be substantially concentric with the axis of the cylinder, for the purpose of seizing and holding the fibres, and presenting a surface against which the guard can act in removing burrs and other foreign matter therefrom."

Alfred B. Ely, for plaintiff.
Benjamin Dean, for defendant.

SPRAGUE, District Judge (charging jury). In this action the plaintiff seeks to recover damages for an alleged infringement of a patent right. The patent produced by the plaintiff is for that of which he claims to have been the first and original inventor, in the year 1840. At that time, it seems to be settled that a patent was granted to him, which was surrendered and reissued in 1849, and the reissue of the patent is that which has been presented and read to you—or, rather, the claim was read to you, the full specification not having been read. It was renewed according to law, in 1854, for seven years from the termination of the first fourteen years. It is now in force, if it be a valid patent.

No question is made, gentlemen, as to the reissue in 1849, or the extension in 1854. It has not been contended or suggested that the reissue is not, substantially, for what was originally described in the patent in 1840. And, therefore, gentlemen, you may take it, for this investigation, that the question is on the validity of the patent issued in 1840. Two grounds, gentlemen, are presented as defense against this claim. The first is what may be denominated the question of priority; that is, the defendant says that Mr. Whipple was not the first inventor of that which he claims in his patent. The second ground is what has been denominated the question of infringement; that is, the defendant says that whether the patent was valid or not, he has not used Mr. Whipple's invention. These are two distinct questions, gentlemen, for your determination, and both of them must be decided in favor of the plaintiff, before he can be entitled to your verdict. As to the question of priority, that is, whether Mr. Whipple is the original and first inventor of what is set forth and claimed by him in his patent, it is sufficient, in the first instance, that he has the patent which is granted to him by the government, under the law of the United States. To produce that instrument to you, as he has in this instance, is prima facie proof that he is the first and original inventor. He having produced that, the burden of proof is then upon the defendant, to allege and to show that, although he has had a patent from the government, yet there is some mistake or fraud in some part, because he was not really the first inventor; for if those who undertake to give an exclusive right to a patentee, by issuing the instrument called a patent, should thereby undertake to give a monopoly to any person for a thing known before, and used before, they have no power, by law, to do so; and if this shall appear in an investigation in a court of justice, the claim will be set aside. The question, then, gentlemen, taking the construction of the patent law which I have referred to, is, whether, on the whole evidence, it appears to you that Mr. Whipple was or was not the first inventor of that which he claims in his patent. And it is here material, gentlemen, that we should distinctly understand what it is that he claims as his invention. There is a long description, part of which has been read, and this, as part of the proof, has been put into your hands, with the specification or description of the machine. But, after all, gentlemen, the concluding part, where he sums up and states what he claims as new, is that, and that only, which you are to look at, in the first instance, to see and understand all his claim. If there is a question upon the construction of that claim, then you will look at the other parts of the instrument, and will be enabled to understand the claim, and to give a construction to it.

I believe there are two distinct claims set forth; but the first has not been read to you; there is no question made about it; it is not considered material to this inquiry, or as affecting the patent in any respect, and need not trouble you in the course of this investigation. The matter for consideration is that which has been presented as the claim which has been infringed, and upon which this issue determines. The claim is for the form and arrangement of the teeth of the cylinder for burring wool. It is that he claims the form and arrangement of the teeth of the cylinder used for the purpose of burring wool, in such a manner that the outer surface of the teeth shall be substantially concentric with the axis of the cylinder. This is for the purpose of taking the wool and separating it from the burr. That is the claim; that is all that he claims to have invented.

That is the question of his claim, gentlemen; and the second question is, whether that existed before. The only machine in which it is alleged to have existed before is the common card-machine, or that card-machine as it may have been modified by Mr. M. H. Simpson. No other pre-existing machine is presented to you in the evidence, as having anticipated the invention thus claimed by Mr. Whipple. The whole inquiry, then, is narrowed to this—whether the machine used by Mr. Simpson, or described by him in any patent that he may have obtained, is sub-

stantially the same as that set forth in this claim. I say, gentlemen, the question is whether any machine used by him, or described in his patent, was the same as that here claimed. Much has been said about Mr. Simpson's patent. To this inquiry it is no otherwise important whether Mr. Simpson had a patent or not, than as it goes to show whether the same invention existed before as this which Mr. Whipple claims. Of course, whether it was patented or not is of no consequence. If it was described before, then Mr. Whipple was not the first inventor; and if he was not the first inventor, then he can not maintain his patent. And upon this question, gentlemen, you will take, in the first place, the model that has been presented to you and examine it. For this, gentlemen, use your own knowledge, skill, and judgment in the subject, and compare it with that which has been presented as Mr. Simpson's. You have no model of that, except that some parts of what is supposed to have been used by him, or what is stated to have been used by him, are presented, namely, the surface of the burring cylinder, the strip of leather (upon which there were cards), which has been presented to you as that which Mr. Simpson used, with such modifications as he has testified to. I believe he testified that his teeth were larger and coarser than those of the specimens produced. The principles were common although he made some statement of sometimes using them larger. Now you will observe, gentlemen, the specification and claim of Mr. Whipple here is on the form and manner of arranging the teeth, the forming and arranging the teeth on the cylinder in such a manner that the outer edge of the tooth shall be substantially concentric with the axis, that is, that the teeth from the periphery or circumference of the cylinder, in fact, the tooth itself, the outer edge of the tooth, being the circumference of the cylinder. Is this what Mr. Simpson invented? If he did not thus anticipate Mr. Whipple's invention, if he did not do that—if Mr. Whipple's is substantially different in its mechanical arrangement and mode of operation, substantially and materially different in these respects, then it is not the same as Mr. Simpson's. That is a question of fact for you to determine. You will determine it from what is admitted here, gentlemen, and presented as models, stated to be such, as a representation to the eye, for your own examination, in the exercise of your own judgment. You will also take into view the whole evidence in the cause—the statement by Mr. Simpson, who was a witness upon the stand, his opinion, and the reasons for that opinion. And then you will take into view the testimony of all the other experts, seven or eight in number—Mr. Whipple and seven other persons having been called as experts, to give you their opinion as the result of more or less observation and experience. Those opinions, gentlemen, are evidence to you; but they are

not conclusive. They are simply given as judgment and opinion of those who may have knowledge upon the subject, or have had the opportunity, at least, to acquire knowledge upon the subject. But still they are presented to your consideration, for you to weigh, and consider, and give them such effect as you may think proper. You will look at the reasons which they assign. If those reasons seem to you satisfactory, you will adopt them. If, on the other hand, they are not satisfactory, if you have clear judgment that the reasons are unfounded, you will follow your own judgment, and are not obliged to follow the judgment of witnesses. The whole is evidence for your consideration. As I do not propose, gentlemen, to go into any detail of the evidence, I do not know that it is necessary that I should go further in relation to the first question, that is, the question of priority.

The second question presented is the question of infringement. If you are satisfied, from the proof upon the stand, that the defendant in this case has used an invention for which the plaintiff has not a valid patent—in other words, gentlemen, if Mr. Whipple was not the first inventor, and his patent is not valid, of course you need not trouble yourselves whether anybody has infringed it, because everybody will have a right to use it. If the patent is a valid one, and Mr. Whipple is entitled to the exclusive right to use, vend, or sell to others to use or vend, then the question is whether the defendant has violated that right by using the invention. And here the evidence lies in a narrow compass; it is not extensive or complicated. The model, also, presents to you the instrument or machine used by the defendant, which is called the Parkhurst machine. You will examine the two, and see whether this Parkhurst machine embodies and uses the invention of Mr. Whipple. If it does, it infringes. And here it is proper that I should inform you, gentlemen, that it is no matter, in that view, whether he does or does not use something else. If he has made an independent improvement upon Mr. Whipple's machine, if he engrafts that improvement upon Mr. Whipple's invention, he can not use Mr. Whipple's invention because he has got an improvement upon it, although it may make it work better and more advantageously. If Mr. Parkhurst should make an improvement, he has a right to his own improvement. Mr. Whipple can not use Mr. Parkhurst's improvement upon his invention, because it is engrafted upon it; and Mr. Parkhurst can not make or sell Mr. Whipple's invention, because he has invented something that will make it better. Each may claim his own share. The question is: Does this, whatever else it may contain, or whether it contains any thing else, embrace or use the invention of Mr. Whipple? If it does, it is an infringement. Now it is contended that employing these plates with teeth cut into them is substantially using the invention of

Mr. Whipple in this, that these discs or plates are substantially the same as if you had cut a series of sections or plates from off Mr. Whipple's cylinder, and then had put something between them, such as pieces of pasteboard, which should separate them successively, and that this, although it would make the cylinder so much longer, would still contain what was original in Mr. Whipple's invention—separating them by putting between them successively this pasteboard or other substance, but leaving them to operate substantially in the same manner. That is a familiar doctrine; and in determining whether this is an infringement, you will again require to see what is the invention upon which Mr. Whipple relies. And you will see that all he claims is a form and arrangement of teeth on the cylinder for the burring of wool, in such a manner that the outer edge of the tooth shall be substantially concentric with the axis of the cylinder. Now, is that done in the Parkhurst machine, as used by the defendant? Are the teeth formed and arranged in such a manner that the outer surface of the teeth is substantially concentric with the axis of the cylinder? If that is done in the Parkhurst machine, then it is an infringement upon Mr. Whipple's, although he may have mixed up something else with it. If he has taken that, as I have observed before, then he has taken that which belongs to Mr. Whipple, and which he has the right to have exclusively in his own use. If he had separated the teeth, as you see they are separated here, and if this separation of them in that manner is an improvement, so that the wool is better burred, with less injury to the fibre, or with more or less perfect separation from the impurities, still, gentlemen, as I have before observed, with this improvement, he may have his right to his patent for the improvement, he may hold that improvement so that nobody else can use it, but he can not, in order to use his improvement, take that which is the property, and the exclusive property, of the plaintiff; and that, gentlemen, again, is a question of evidence, to be determined from your examination of the models, from the witnesses who have been produced, the opinions they have given as experts, and the reasons which they have given, in the pointing out to you the substantial differences, or the identity of the machines, questions which mean the same.

These are the questions, gentlemen, which are presented upon the evidence in this case, and which offer themselves to your understanding, to your intelligence, and upon which you are to exercise your judgment. I do not know, gentlemen, that there is any thing further. If there is any question of law raised, I will present it to the jury.

Mr. Dean. I would suggest, may it please your honor, this proposition: Suppose the machine used by the defendant is substantially the machine invented by Mr. Simpson, prior to the plaintiff's patent, even though it is claimed that in some particulars it resembles the plaintiff's patent, yet if it is substantially the same thing that was invented and used prior to the plaintiff's patent, the plaintiff can not then recover.

SPRAGUE, District Judge. Gentlemen, I believe that the conclusion to which the counsel have called my attention will necessarily follow from what I have already stated to you. If the defendant's machine is substantially the same as Mr. Simpson's, then, of course, the plaintiff can not recover, because either one of two results must follow in that case. The defendant will have the right to use that which was known before 1840, that is, if the defendant used something substantially like Mr. Simpson's, as known before 1840, then he will have the right to use it; and it then comes to this, either it is not an infringement of the plaintiff's, or the plaintiff is not the first inventor. We come to that result. And you may take that into view, in determining whether it is the same as Mr. Simpson's. But in considering this, you must recollect that the question is whether it is what Mr. Simpson used prior to 1840; not what Mr. Simpson says he made in 1842, for that was subsequent to the patent, and after Mr. Simpson himself had seen the patent. And, therefore, any thing that Mr. Simpson made after Mr. Whipple's patent, of course can not aid at all the right of the defendant or the right of Mr. Simpson. The question relates solely to what was invented prior to 1840. If Mr. Simpson's was the same as Parkhurst's, substantially the same—I mean Mr. Simpson's prior to 1840—then the plaintiff can not recover. But still, the points recur that I have already presented to you, in the question whether Mr. Whipple's was the first and original invention or not, and the other question, whether, if so, the defendants have used that invention.

[For other cases involving this patent, see Ely v. Monson & B. Manuf'g Co., Case No. 4,431; Whipple v. Middlesex Co., Id. 17,520.]